SUBMARINE ROCK BREAKING CO. v. SUBMARINE CO. et al.†

(Circuit Court of Appeals, Third Circuit. December 2, 1912.)

No. 1,621.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—SUBAQUEOUS ROCK BREAKER.
   The Rowland reissue patent, No. 12,933 (original No. 907,407), for a subaqueous rock breaker, discloses patentable novelty and invention, and covers a new combination, and a device which was the first, and is to this time the only, successful deep-water rock breaker; also *held* infringed.

Appeal from the District Court of the United States for the District of New Jersey; Joseph Cross, Judge.

Suit in equity by the Submarine Rock Breaking Company against the Submarine Company and others. Decree for complainant, and defendants appeal. Affirmed.

For opinion below, see 193 Fed. 63.

James & Malcolm G. Buchanan, of Trenton, N. J., and Coale & Hayes, of Boston, Mass., for appellants.

Edward C. Davidson, of New York City, for appellee.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the Submarine Rock Breaking Company, the owner of reissue patent No. 12,933, granted March 30, 1909, to Charles L. Rowland, for a subaqueous rock breaker, filed a bill against the Submarine Company and others charging infringement of said patent. In an opinion reported at 193 Fed. 63, that court held the patent valid and infringed. From a decree in accordance therewith this appeal was taken.

That opinion so fully and justly discusses all the questions here involved that a further statement by this court could but repeat what was there said. We content ourselves, therefore, with briefly setting forth the conclusions to which our study of this case has led us:

First. The proofs in this case show that a rock breaker of the Rowland device successfully breaks rock under water 20, 30, or 40 feet, and that it was the first, and it thus far is the only, successful deep-water rock breaker devised.

Second. This device for the first time disclosed the use, in the submerged end of a pneumatic caisson, of a removable sliding chisel actuated by a striking ram.

Third. During the breaker's operation this chisel remains seated on the rock until the latter is broken by repeated blows of the ram reciprocated in the caisson.

Fourth. This continuous chisel seating insures successive blows at the same point, obviates the formation of a bed of broken débris on the top of the rock, with consequent cushioning of subsequent chisel blows, the clogging of the caisson by such débris, and eliminates side or sliding blows.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† Rehearing denied February 13, 1913.

Fifth. These features were new in co-operative combination, made a deep-water subaqueous rock breaker possible and successful, and involved patentability.

Sixth. The machine of the defendant involves all these features, and infringes the patent in suit.

Adopting, therefore, the opinion of the court below as a full expression of this court's views, its decree is affirmed.